IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| **JIMMY DALE HOGAN** | ) | |
| | ) | **Case No. 1:20-cv-00045** |
| v. | ) | **District Judge Campbell** |
| | ) | **Magistrate Judge Holmes** |
| **ADAM BARNES, et al.** | ) | |

**To: The Honorable William L. Campbell, Jr., United States District Judge**

## REPORT AND RECOMMENDATION

This case was commenced by the filing of a complaint on August 13, 2020. (Docket No. 1.) Rule 4(m) of the Federal Rules of Civil Procedure[1] provides that:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – **must** dismiss the action without prejudice against that defendant or order that service be made within a specified time.

Fed. R. Civ. P. 4(m) (emphasis added). On November 16, 2020, the Court entered an order requiring Plaintiff to show cause by no later than December 2, 2020 why this case should not be dismissed without prejudice under Rule 4(m) for failure to timely effect service of process. (Docket No. 9.) Plaintiff failed to demonstrate that Defendants were served with process within 90 days of August 13, 2020, which was November 11, 2020.[2] Nor did Plaintiff request an extension of the

---

[1] Unless otherwise noted, all references to rules are to the Federal Rules of Civil Procedure.

[2] November 11, 2020 was a federal holiday. To the extent that an extension of the deadline for service of process is permitted to the next business day, about which the Court expresses no opinion, the last day would be November 12, 2020.

1

time for service of process.[3]  Dismissal of this case without prejudice is therefore mandated by the plain language of Rule 4(m).

For all these reasons, it is respectfully RECOMMENDED that this case be dismissed without prejudice under Rule 4(m) for Plaintiff's failure to serve Defendants as required.[4]

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Fed. R. Civ. P. 72(b)(2); Local Rule 72.02(a). Failure to file specific written objections within the specified time can be deemed to be a waiver of the right to appeal the District Court's order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Cowherd v. Milton*, 380 F.3d 909, 912 (6th Cir. 2004) (en banc). Any response to the objections must be filed within fourteen (14) days after service of objections. Fed. R. Civ. P. 72(b)(2); Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge

---

[3] The Court notes that on November 13, 2020, Plaintiff filed a Notice of Summons to be Issued as to All Defendants (Docket No. 8), which appears to be copies of the summons but without any return of service or other indication that Defendants were timely served.

[4] Plaintiff is also given notice of the dismissal by this report and recommendation.